## THE NORTH CHICAGO STREET RAILROAD COMPANY

*v.*

## MARY A. HUTCHINSON.

*Opinion filed June 19, 1901.*

1. INSTRUCTIONS—*statement as to what was charged in dismissed counts is surplusage.* If an instruction tells the jury, in clear and positive terms, that certain counts of the declaration have been dismissed, an attempted statement therein of what was charged in the dismissed counts is surplusage, and is not ground for reversal although incomplete.

2. SAME—*when instruction does not authorize a recovery on dismissed counts.* An instruction authorizing the jury to find for the plaintiff if "the plaintiff has made out her case by a preponderance of the evidence as laid in the declaration or any single count thereof," is not misleading, as authorizing a recovery under certain counts which were dismissed before the instruction was given, where other instructions state that such counts have been dismissed.

*North Chicago St. R. R. Co.* v. *Hutchinson,* 92 Ill. App. 567, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding.

JOHN A. ROSE, and LOUIS BOISOT, Jr., (W. W. GURLEY, of counsel,) for appellant.

FRANCIS J. WOOLLEY, for appellee.

Mr. CHIEF JUSTICE WILKIN delivered the opinion of the court:

This is an action in the Cook circuit court to recover damages for a personal injury sustained by Mary A. Hutchinson by reason of being thrown from a car of the North Chicago Street Railroad Company. The declaration consisted of four counts, but at the conclusion of the evidence plaintiff dismissed as to the second and third, and the cause was submitted to the jury upon only the

first and fourth.   The jury returned a verdict of guilty, assessing plaintiff's damages at $5000, and from a judgment of affirmance in the Appellate Court for the First District the railroad company prosecutes this further appeal.

The only question submitted for our consideration here is, whether or not the trial court committed error in giving the plaintiff's first instruction and in refusing to give the defendant's twenty-fifth and twenty-sixth as asked, but giving the twenty-fifth as modified.

The first instruction given on behalf of the plaintiff is as follows:

"The court instructs the jury that if they find, from the evidence, that the plaintiff has made out her case by a preponderance of the evidence, as laid in her declaration or any single count thereof, then the jury should find for the plaintiff."

The contention of the appellant is, that this instruction authorized the jury to find for the plaintiff if she had made out her case under either of the dismissed counts,—that is, the second or third.   At the time the instruction was given the second and third counts had been eliminated from the declaration by the dismissal, and it can hardly be assumed that the jury would understand the instruction to refer to such dismissed counts. By its own instructions the defendant speaks of the declaration substantially in the same language that the plaintiff did in her first instruction, making no reference to the fact that the second and third counts had been dismissed.   But we think it clear that in no view of the case can it be said that the jury was misled by this first instruction as to the counts of the declaration then before it.   The twenty-fifth and twenty-sixth instructions asked by the defendant were as follows:

25. "The court instructs the jury that under the law and the evidence in this case the plaintiff cannot recover on the third count of her declaration, and it is the duty

of the jury to find the defendant not guilty as to the said third count.

26. "The court instructs the jury that under the law and the evidence in this case the plaintiff cannot recover on the second count of her declaration, and it is the duty of the jury to find the defendant not guilty as to the said second count."

By refusing the twenty-sixth instruction and modifying the twenty-fifth the court undertook to state in one instruction what was contained in both, the twenty-fifth as modified and given being in the following language:

"The court instructs the jury that under the law and the evidence in this case the plaintiff cannot recover on the second and third counts of her declaration, the plaintiff having dismissed as to them. These counts charged, in substance and effect, that the door of the car was in such faulty and defective condition that the plaintiff was unable to enter the car through the said door, and that for said reason the plaintiff was compelled to stand upon the platform and thus be exposed to danger."

The first sentence of this instruction told the jury, in direct and positive terms, that the second and third counts of the declaration had been dismissed, and if it had concluded with that statement there could have been no claim that the instructions, taken together, were calculated to mislead the jury to the belief that the plaintiff could recover if she had made out her case under either said second or third count. While it is true that the concluding part of this modified instruction, which attempts to state what the second and third counts alleged, does not do so fully, yet that part of the instruction is mere surplusage and could not have prejudiced the defendant. The jury having been expressly told that those counts had been dismissed, it was a matter of no consequence to the jury what they contained.

On the whole, we are of the opinion that there was no error in the giving of the first instruction on behalf

of the plaintiff, and that the modification of the twenty-fifth asked by the defendant sufficiently covered the propositions asked in the twenty-fifth and twenty-sixth, and hence the refusal to give the twenty-sixth and the modification of the twenty-fifth were not error.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*