THE WEST CHICAGO STREET RAILROAD COMPANY

*v.*

MARION BUCKLEY.

*Opinion filed December 16, 1902.*

1. INSTRUCTIONS—*party cannot complain of errors which also appear
in his own instruction.* A party has no right to complain of an error
in his opponent's instruction when a like error appears in an in-
struction given at his own request.

2. SAME—*effect of reference to declaration after one count has been dis-
missed.* If one count of a declaration has been dismissed, a refer-
ence in an instruction to the declaration, or any count thereof,
will be understood as referring only to the counts not dismissed.

3. APPEALS AND ERRORS—*when specific objection cannot be insisted
upon, on appeal.* If a defendant objects, generally, to the taking
of the declaration by the jury to the jury room, he cannot urge the
specific objection, on appeal, that one count had been dismissed and
the jury took the dismissed count with the rest.

4. SAME—*when permitting jury to take dismissed count is not prejudicial.* If one count of a declaration has been publicly dismissed in the presence of the jury, it is not prejudicial to the defendant to permit the jury to take such count, with the rest of the declaration, to the jury room, no objection being made on that ground.

*West Chicago Street R. R. Co.* v. *Buckley*, 102 Ill. App. 314, affirmed.

APPEAL fron the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

This is an action to recover damages for a personal injury, begun on July 13, 1896, in the Superior Court of Cook county by the appellee against the appellant company. There have been two trials of the case. Upon the first trial the jury failed to agree. Upon the second trial in September, 1900, the jury returned a verdict, finding the appellant guilty and assessing the appellee's damages at the sum of $3000.00. Motions for new trial and in arrest of judgment were overruled, and judgment was entered on October 31, 1900, in favor of the appellee for the amount above mentioned, and costs. An appeal was taken to the Appellate Court where the judgment has been affirmed. The present appeal is prosecuted from such judgment of affirmance.

JOHN A. ROSE, and LOUIS BOISOT, (W. W. GURLEY, of counsel,) for appellant.

KERR & KERR, for appellee.

Mr. CHIEF JUSTICE MAGRUDER delivered the opinion of the court:

*First*—The first point, made by the appellant in favor of a reversal of the judgment in this case, is that the two instructions asked by, and given for, the appellee by the trial court were erroneous.

The first instruction, given for appellee, begins as follows: "If the jury believe from the evidence that the plaintiff has made out her case as laid in the declaration by a preponderance of the evidence, then they should find the defendant guilty," etc.   The second instruction, given for the appellee, begins as follows: "If the jury believe from the evidence that the plaintiff was in the exercise of ordinary care and caution for her own safety, and, while in such exercise, was injured by or in consequence of the negligence, if any, of the defendant, in manner and form as charged in the declaration, then the jury should find the defendant guilty," etc.   The declaration consisted of three counts.   Upon the closing argument of the case on behalf of appellee, plaintiff below, counsel for appellee asked leave of the court, in the presence of the jury, to withdraw the second count of the declaration, and the second count was dismissed, and was ordered by the court to be dismissed in the presence of the jury.  The objection to the instructions, given for the appellee, is that, by the words, "as laid in the declaration," and, "as charged in the declaration," the court called the attention of the jury to the whole of the declaration, including the second count, which had been dismissed.

It is not to be supposed, that the jury were misled by the words thus used in the instructions, so far as to take into consideration the dismissed count of the declaration as well as the two counts which were not dismissed, because the withdrawal and dismissal of the second count took place in their presence just before the instructions of the court were read to them, and just before they retired to the jury room.  But, independently of this consideration, the same defect, which is thus charged against the instructions asked by the appellee and given for the appellee, exists in two instructions asked by the appellant, and given for the appellant.

In instruction numbered 5, given to the jury on behalf of the appellant, it was said:   "The court instructs the

jury that the burden of proof is not upon the defendant
to show that it is not guilty of the specific negligence
charged in the declaration, or in some count thereof, but
the burden is on the plaintiff to prove that the defendant
was guilty of such negligence," etc.   This instruction,
asked by and given for the appellant, not only directs
the attention of the jury to the whole declaration, but
specifically to each count thereof by the use of the words
"in some count thereof."   Again, the appellant asked,
and the court gave in its behalf, an instruction num-
bered 23, which contained the following words:   "The
jury are instructed that the plaintiff cannot recover at
all in this case against the defendant company, unless
they find that she has a preponderance of the evidence
supporting the propositions, first,   *   *   *   second, that
the defendant company was guilty of negligence in the
manner charged in the declaration; and third, that such
negligence was the proximate, direct cause of the plain-
tiff's injuries in question."   The words, "such negligence,"
in the third paragraph of this instruction refer back to
the negligence "charged in the declaration," as referred
to in the second clause.

It has been held by this court in a number of cases,
that a party has no right to complain of an error in an
instruction, when a like error appears in an instruction
given at its own request.   (*Funk* v. *Babbitt,* 156 Ill. 408;
*Chicago and Alton Railroad Co.* v. *Harrington,* 192 id. 9, and
cases cited.)   The rule, that a party cannot complain of
an error in an instruction when a like error appears in
an instruction given at its own request, has been recently
applied to an instruction, objected to upon the same
ground which is here urged against the instruction given
for the appellee by the court below.   In *North Chicago
Street Railroad Co.* v. *Hutchinson,* 191 Ill. 104, where the jury
were instructed that, "if they find from the evidence that
the plaintiff has made out her case by a preponderance
of the evidence, as laid in her declaration or any single

count thereof, then the jury should find for the plaintiff," this court said: "By its own instructions the defendant speaks of the declaration substantially in the same language that the plaintiff did in her first instruction, making no reference to the fact that the second and third counts had been dismissed." The instruction upon this subject, the refusal of which is complained of by the appellant, told the jury that it was their duty "to find the defendant not guilty," on the second count of the declaration. The instruction thus authorized the jury to regard the second count as still a subsisting part of the declaration, although it had been dismissed; and, therefore, the instruction was properly refused. It was as improper to tell the jury to find the defendant not guilty under the second count after it was dismissed, as it would have been to instruct them to find the defendant guilty under that count.

*Second*—The second point made by the appellant is that the court below erred in permitting the jury to take the declaration with them to the jury room.

The record shows that, after the instructions had been read to the jury, the plaintiff below, by her counsel, requested the court to send the declaration in the cause to the jury. The court granted this request, and allowed the declaration, consisting of the first, second and third counts, which were bound together, to be taken by the jury to the jury room. When the request was thus made by counsel for appellee to permit the jury to take the declaration with them to the jury room, counsel for appellant interposed a general objection to the action of the court in permitting the jury to take the declaration. Counsel, however, did not specify the particular ground, upon which he based his objection. If it had been stated by counsel for appellant that only the first and third counts of the declaration should be taken by the jury, because the second count had been dismissed, the court would have undoubtedly required the second count to be

detached from the declaration. But the objection was not specific in stating this to be the ground upon which it was based.

Parties cannot make a general objection upon the trial below, and then insist upon a specific objection in this court which was not specified at all in the trial court. (*Chicago and Alton Railroad Co.* v. *Morgan*, 69 Ill. 492; *Wilson* v. *King*, 83 id. 232; *Clevenger* v. *Dunaway*, 84 id. 367). In *Chicago and Alton Railroad Co.* v. *Morgan, supra,* it was held that, "where an objection to evidence is made generally, a particular objection to its admission, which might have been obviated by other proof, will not avail on appeal or error." (*Calumet and Chicago Dock Co.* v. *Morawetz,* 195 Ill. 398).

Moreover, as the second count had been publicly dismissed out of the case in the presence of the jury, they must have known that it was no longer in the case, and appellant could not have been prejudiced or injured by the fact that they took the declaration with them to the jury room. For the same reason that the reference to the declaration in the instructions could not have misled the jury because of the dismissal of the second count in their presence, the taking of the whole declaration with them to the jury room could not have misled them. Where one count of a declaration has been dismissed, a reference in an instruction to the declaration, or any single count thereof, will be understood to refer only to the counts not dismissed. This being so, it can hardly be assumed that the jury would understand that they were to consider the second count as a part of the declaration. (*North Chicago Street Railroad Co.* v. *Hutchinson, supra;* 1 Ency. of Pl. & Pr. 621, 626; *Prescott* v. *Tufts*, 4 Mass. 145; *Brown* v. *Feeter*, 7 Wend. 304; *Colvin* v. *Peck*, 62 Conn. 155).

*Third*—Appellee, on April 21, 1896, when she received the injury on account of which the present suit was brought, had just alighted from a car of the appellant, traveling eastward on VanBuren street in the city of

Chicago, which was propelled by electricity, and known as a trolley car. She had desired to alight at a point some distance west of the place where she did alight, and says that she told the conductor, when she paid her fare, to put her off at the first named place, but that he failed to do so. She also says that subsequently, after she had passed the place where she desired to leave the car, she reminded the conductor of his promise, and he then stopped the car, not at a crossing, but between two cross-streets on VanBuren street, near an alley running north from VanBuren street. VanBuren street runs east and west, and the car traveling east was upon the south track. When she left the car, between the two cross-streets, she did so on the south side of the car, and passed around the rear of the car to cross the north track to go to her home, which was north of VanBuren street. While she was thus attempting to cross the north track, a trolley car, coming towards the west, which passed the car, from which she had alighted, struck her, and inflicted upon her the injuries, for which the present suit was brought.

In view of the fact, that the appellee had alighted from the car at the time she was injured, appellant says that she was not a passenger at the time of the accident. Appellant insists that a person, riding on a street car, ceases to be a passenger, as soon as he or she steps from the car upon the street. Without stopping to discuss this statement, it is sufficient to say that, if it is a correct proposition of law, it was embodied in an instruction, asked by the appellant and given for the appellant, and, therefore, appellant has no reason to complain of the action of the court below. The trial court, in none of the instructions given to the jury, either the two instructions given for the appellee, or the twenty-four instructions given for the appellant, announced to the jury that plaintiff was a passenger at the time of the accident. On the contrary, in instruction numbered 6

given for the appellant, the court instructed the jury as follows: "The court instructs the jury that, after the plaintiff had alighted from the defendant's car, the relation of passenger and carrier ceased to exist between the defendant and the plaintiff," etc.

It is insisted by the appellant, as a corollary from the statement that appellee was not a passenger after she had stepped from the car to the street, that the employes of a street railroad company are only required to exercise ordinary care as to pedestrians and others in the street, who are not passengers. No fault can be found with this statement of the law. (Booth on Street Railway Laws, sec. 309; *Chicago West Division Railway Co.* v. *Ryan,* 131 Ill. 474). So far as we have been able to discover by an examination of the instructions, they lay down the rule that the care, which the appellant and its employes were required to exercise towards plaintiff, was only ordinary care, and not that high degree of care required where the relation of carrier and passenger exists.

Counsel for appellant enter into a discussion of the evidence with a view of showing that the appellant was not guilty of negligence, commencing this discussion with the following words: "A fair analysis of the evidence will demonstrate that it wholly fails to show negligence on the part of the defendant." Whether there was negligence or not was a question of fact for the jury, which has been settled by the judgments of the courts below, and cannot be considered by us at this time. No error has been pointed out to us by counsel for appellant, which would justify us in reversing this judgment.

Accordingly, the judgment of the Appellate Court is affirmed. *Judgment affirmed.*