## Chicago & Eastern Illinois R. R. Co. v. Clara C. Driscoll, Adm'x.

1. MASTER AND SERVANT—*Relationship of Servants is a Question of Fact.*—Whether one servant is a vice-principal or fellow-servant of another is a question of fact for the jury.

2. SAME—*Where a Servant Acts in a Dual Role, in What Relation a Particular Act is Performed is a Question of Fact.*—Where a servant occupies a dual role of vice-principal and fellow-servant, whether a particular act is the act of a fellow-servant or of a vice-principal is a question of fact for the jury.

3. INSTRUCTIONS—*That the Fact That Plaintiff Has Remarried Should Not Be Considered in Reduction of Damages is Proper.*—An instruction to the jury that the remarriage of the plaintiff should not be considered in reduction or mitigation of damages is proper.

4. SAME—*As to Degree of Preponderance of Evidence.*—An instruction that if the evidence preponderates for plaintiff although but slightly, it will be sufficient for the jury to find for the plaintiff, is not erroneous.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge presiding. Heard in the Branch Appellate Court at the March term, 1902. Affirmed. Opinion filed April 28, 1903.

The facts in this case are sufficiently stated in the report of the same cause in 70 Ill. App. 91, 176 Ill. 330, and 97 Ill. App. 668. The case is now here for the third time. The first trial resulted in a judgment in favor of appellee of $5,000, which was affirmed by the Appellate Court, but reversed by the Supreme Court. At the second trial in the Circuit Court that court directed a verdict and gave judgment for the defendant. That judgment was reversed upon appeal here and the cause was remanded for a new trial. At the trial now to be reviewed, appellant introduced no evidence in defense except to prove that

appellee had remarried and that there were no children surviving her former marriage with the deceased John Driscoll. At the close of the plaintiff's evidence and again at the close of all the evidence, appellant moved the court to instruct the jury to find the defendant not guilty, which instruction the court refused. The jury returned a verdict, and judgment was entered thereon in favor of appellee assessing damages at the sum of $5,000.

W. H. LYFORD and K. M. LANDIS, attorneys for appellant; ALBERT M. CROSS, of counsel.

JAMES C. McSHANE, attorney for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

Appellee's case rests wholly upon that count of her declaration charging negligence on the part of appellant's assistant night yardmaster who, it is alleged, was in charge as a vice-principal of the switching crews, one of which the deceased was a member of when the accident occurred. Appellant urges that the verdict and judgment should not be sustained, that there can be no recovery for the alleged negligence of its yardmaster in directing the "string of cars" to be moved without warning the deceased.

The Supreme Court has stated the issue made by the count of the declaration referred to as follows: "The declaration charges that the assistant yardmaster was a vice-principal and not a fellow-servant with Driscoll; that he knew or should have known that the car was off the track; that he negligently gave an order to move the train without warning Driscoll and his crew of this danger. It is not alleged the defendant knew or did anything, but a named vice-principal is alleged to have done or omitted certain acts. Under such a declaration the defendant would not be liable for a breach of a general duty which it owes a servant, nor for the negligence of some other agent whose negligence is not specifically alleged." The court further said: "In this case the allegation that Blake, the assistant night yardmaster, knew, or in the exercise of ordinary care

ought to have known, of the dangerous position of this car before the accident, must be shown by actual knowledge, or that the defect complained of had existed for such a length of time that Blake, in the exercise of ordinary care should have discovered it." It was held that as the proof then stood, " no actual knowledge being shown to exist on the part of Blake, and no affirmative proof to show constructive or implied notice, plaintiff could not recover."

Reviewing the evidence given at the subsequent trial, this court was of opinion the proof which had before been lacking had been so far supplied that it was "under all this evidence a subject for fair inference and determination by a jury, whether as a matter of fact Blake ought not, in the exercise of ordinary prudence by him, to be held to have impliedly known, when he ordered the train to be moved, the condition it was in;" and it was held to have been erroneous to take the determination of that question from the jury.

The evidence before us upon the present appeal is substantially the same as that upon which this court reached that conclusion. Appellee's attorney claims that the evidence supplies the proof essential to charge the yardmaster with constructive or implied knowledge; that it fairly shows that the car had been off the track a length of time sufficient to have enabled the yardmaster to have discovered the fact, and that it was his duty to have looked over the train to ascertain its condition before ordering the train started.

It is said in behalf of appellant that the deceased himself was charged particularly with the duty of going to the point where the car which caused the injury was off the track, to examine its condition before the train was moved. There is, however, evidence tending to show that the cars were started before the deceased had an opportunity to get to the rear of the train where he could have ascertained the situation of the car in question, and that the yardmaster knew or could and should have known that fact when he gave the order to go ahead. Appellee's attorney urges that the evidence fairly tends to show the car had been shoved off the

track by another switching crew just before the crew to which the deceased belonged came on the ground, and that it had been off for at least forty minutes before the accident, giving ample time for the yardmaster to ascertain the fact. The evidence does in our opinion justify the inference that the car had been off the track about that time. Possibly that length of time would not of itself suffice to charge the yardmaster with notice. It is not disputed, however, that he did have time enough to have obtained full knowledge of its condition before starting the cars; and if, as there is evidence tending to show, he took the chances and know-ingly gave the signal to start before the deceased as rear man had the opportunity to reach the rear car and learn its condition, the mere fact that the yardmaster did not then know the car was off the track does not suffice to relieve him of the negligence. If he had in the exercise of ordinary care the time and opportunity to ascertain the facts, the law will imply the knowledge which he could and should have obtained. There is evidence tending to show that the said assistant yardmaster was himself in the habit of making such examinations when he desired to move a train before his crew could make them. It was the custom and apparently a duty for some one to make such examinations always before starting the cars under such conditions, to remove blocks from the wheels and see that they were in condition to move.

It is contended by appellant's counsel that the yardmaster was acting as a fellow-servant in this case, because the signal to move was given by lanterns, and the engineers obeying the order could not tell in the night time whether it was Blake's lantern or not. It is not disputed that it was in fact his lantern, and there may have been other ways than by actual sight of his person by which the engineer knew who was giving the order. Were it otherwise, however, the fact remains that the order was given by the yardmaster, and the manner of giving it can not determine the character in which he was then acting. The declaration charges that the yardmaster was a vice-principal. The

existence of the relationship under the evidence was therefore a question of fact to be proved, like any other fact.   It was a question for the jury.   M. & O. R. R. Co. v. Massey, 152 Ill. 144–151; Fraser & Chalmers v. Schroeder, 163 Ill. 459–465.   If the assistant yardmaster had been or was at the moment acting as a co-laborer in some respects with the deceased, yet if the accident occurred by the negligent exercise of his authority as vice-principal, the liability exists. M. W. S. E. R. R. Co. v. Skola, 183 Ill. 454–457; William Graver Tank Works v. O'Donnell, 191 Ill. 236–241.

It is contended that the court erred in giving an instruction at the instance of appellee telling the jury that the remarriage of appellee should not be considered in reduction or mitigation of damages, and refusing an instruction requested by appellant, to the effect that the jury had a right to take the remarriage into consideration in assessing the damages.   We regard the decision in C., P. & St. L. R. R. Co. v. Woolridge, 174 Ill. 330–335, as decisive of the question in this state.   No error seems to have been committed.

The other instructions complained of have been sustained by the Supreme Court, and are not open to question here. If the evidence preponderates, it is enough, and we do not commend the addition of the words, "although but slightly."   Still, their use is not, strictly speaking and necessarily, erroneous.   See Taylor v. Felsing, 164 Ill. 331–336; North Chicago St. Ry. Co. v. Hutchinson, 191 Ill. 104–105.

It is objected that there was error in admitting evidence as to the custom of the alleged vice-principal in reference to looking over trains.   It is urged that no matter what his habit or custom may have been, the issue is, what was his duty in this regard?   It is not contended, however, that the habit or custom testified to was in any way a violation of his duties as assistant yardmaster.   It was apparently in furtherance of such duties.   It is immaterial how he ascertained the condition of the train before giving orders to move, whether by personal examination or through his subordinates.   The material thing was, that

he should obtain the necessary information, and the evidence as to his habit or custom was not, so far as we can discover, in any way prejudicial to appellant.

We find no material error, and the judgment of the Circuit Court must be affirmed.