## Flora A. Prout, Appellee, v. G. Gordon Martin, a corporation, Appellant.

### Gen. No. 15,399.

1. EVIDENCE—*what competent in action for deceit.* A pamphlet containing representations published by the defendant is competent in an action for deceit where such pamphlet in part induced the plaintiff's action.

2. EVIDENCE—*as to what expert testimony competent.* Malpractice in dentistry being charged, expert testimony as to the practicability of doing work in the manner in which it was done, is competent.

3. EVIDENCE—*what competent as tending to show qualification of experts.* In order to show that witnesses called as experts are qualified as such, it is competent to interrogate them as to treatises written by them pertaining to the subjects under inquiry.

4. EVIDENCE—*as to what expert testimony competent.* Malpractice in dentistry being charged, expert testimony is competent as to the general prevailing practice of members of that profession; where a question put to a witness is localized a general objection is not sufficient to raise the question of competency.

5. EVIDENCE—*what competent in action for deceit.* Malpractice in dentistry by a corporation being charged against it, also deceit, it is not reversible error to show that no such person was engaged in the defendant's business as the doctor supposed to have invented the process used.

6. TRIAL—*when improper remarks of counsel will not reverse.* Notwithstanding remarks of counsel are improper and calculated unduly to influence the jury, yet a reversal will not be awarded if the reviewing court is unable to discover from the record that the jury were in any manner or to any extent influenced thereby to the material injury of the complaining party.

7. TRIAL—*effect of permitting jury to take withdrawn count.* Reversible error is not committed in permitting the jury to take an entire declaration a part of which has been publicly dismissed or withdrawn in the presence and hearing of the jury.

8. PRACTICE—*when refusal to submit special interrogatories will not reverse.* Special interrogatories not submitted to the trial court prior to the commencement of argument may properly be refused.

9. VERDICTS—*when not excessive. Held,* in an action charging deceit and malpractice in dentistry, that a verdict of $3,000 was not excessive where the injury suffered consisted in loosening and injuring the natural teeth of the plaintiff and in causing other damage to the mouth of the plaintiff.

Appeal from the Superior Court of Cook county; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1909. Affirmed. Opinion filed March 3, 1911. Rehearing denied March 23, 1911. *Certiorari* denied by Supreme Court (making opinion final).

KICKHAM SCANLAN and HARVEY STRICKLER, for appellant.

CHARLES R. WHITMAN and J. MARION MILLER, for appellee.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

Appellee, Flora A. Prout, brought this action against G. Gordon Martin, M. D., D. D. S., a corporation, appellant, to recover damages alleged to have been suffered by the appellee because of the negligence and unprofessional treatment by appellant, a corporation practicing dentistry, in replacing certain missing teeth in her mouth with artificial teeth, and for fraud and deceit practiced on the plaintiff in regard to replacing missing teeth in her mouth and in repairing her natural teeth, and falsely and fraudulently representing and pretending to the plaintiff that its method of replacing teeth with artificial teeth, without the use of plate or bridge work, was a secret process, termed the "Alveolar Process," known only to the defendant; and that teeth could be replaced by that method without the use of plate or bridge work, so perfectly

that even a dentist could not distinguish them from natural teeth; and that while representing and pretending to replace the plaintiff's missing teeth by that method, they placed in her mouth heavy bridge work, and in so doing filed, ground, broke and loosened plaintiff's natural teeth, and produced other damage to her mouth.

The case was tried before a court and jury, and the trial resulted in a judgment and verdict for plaintiff, against the defendant, for the sum of $3,000, to reverse which this appeal is prosecuted.

The grounds upon which a reversal of the judgment is sought are, first, that the trial court committed reversible error in submitting the case to the jury on both the malpractice and fraud and deceit counts of the declaration; second, that the trial court committed reversible error in admitting improper evidence offered on behalf of the plaintiff; third, that the trial court failed to properly rebuke and control the conduct of counsel, and permitted counsel for the plaintiff to ask improper questions, for the purpose of embarrassing witnesses and calculated to cause the jury to draw unfavorable inferences against the witnesses and against the defendant, and to place before the jury matter which had been ruled out, as incompetent, by the court; fourth, that the verdict of the jury is against the weight or preponderance of the evidence; fifth, that the trial court erred in refusing to submit to the jury special interrogatories requested by the defendant, appellant; sixth, that the trial court committed reversible error in allowing the entire declaration, including the fifth count, which had been withdrawn, to be taken by the jury when they retired to consider of their verdict; and, seventh, that the damages are excessive, and that the verdict of the jury was the result of passion and prejudice.

We have reviewed the evidence in this case with care, and think that the cause was properly submitted on both the malpractice and fraud and deceit counts

of the declaration. The evidence, in our opinion, sustains the cause of action for malpractice and for fraud and deceit. We think it clearly sustained the counts of the declaration under which it was received, and that the cause was properly submitted to the jury upon both grounds of action.

It is urged that the trial court committed reversible error in admitting in evidence, on behalf of the plaintiff, portions of a pamphlet published by the defendant. We think that the pamphlet was admissible in evidence, especially under the fourth count of the declaration, and because of the fact, which appears in evidence, that the pamphlet was in regard to the new Alveolar Method, which it was claimed was patented and exclusively practiced by G. Gordon Martin, M. D., whose name the appellant has incorporated and under which it transacts its business and practices dentistry; and that the pamphlet was discussed and the method talked about between appellee and Dr. McCullough, representing appellant, at the time that the defendant, appellant, was employed by Miss Prout to do the work in question.

It is also urged that the trial court committed error in allowing counsel for plaintiff to interrogate the witness, Miller, as to the practicability of supplying any bridge work which would support false teeth for the barren spaces in plaintiff's mouth. Dr. Miller was examined as an expert, and he fully qualified himself as an expert, and we see no error in admitting his evidence.

It is also urged that error was committed by allowing counsel for the plaintiff to interrogate Dr. Mille as to whether or not the bridge work which was placed in appellee's mouth was a suitable appliance to be applied to plaintiff's mouth for the purpose of supplying false teeth, attached thereto. We think no error was committed in permitting such testimony.

It is also contended that the trial court erred in allowing counsel for plaintiff to ask Dr. Miller as to

whether the filing and grinding of plaintiff's teeth was proper. We see no objection to that line of examination.

It is also urged that the trial court erred in permitting the examination of Doctors Prothero and Roach as to dental treatises written by them, and the witness Roach as to dental appliances invented by him. These witnesses were called as experts, and qualified as such, and the evidence objected to was admissible upon the question of the qualification of the witnesses as experts. It is also urged, in connection with the testimony of these witnesses, that they were interrogated as to whether the dental appliance (referring to the bridge work placed in the plaintiff's mouth by the defendant) was a proper appliance. We think the evidence was admissible under the averments of the declaration. Dr. Prothero was asked to state when, if ever, in dentistry, a bridge of the character of that which was placed in the plaintiff's mouth had been applied by the dental profession in the city of Chicago. A general objection was made to this question. No specific objection was urged at the time. While we do not understand the object of confining the use of such work to the profession in the city of Chicago, yet we think that a mere general objection would not raise that question, and that there was no material error in permitting the witness to answer. We see no objection to permitting the witnesses Prothero and Roach to testify as to whether the dental profession would put teeth in cavities where natural teeth had been, and the extent of such practice, under the averments of the declaration. Nor do we think there was any error in allowing the witness Roach to testify as to whether it was possible to place the dental work which was actually put in the plaintiff's mouth, without her seeing it. Nor, do we think, under the facts and circumstances developed in the case, there was any error in getting into the record the fact that Dr. G. Gordon Martin was not regarded by dentists

of reasonable professional ability as an authority in dentistry, under the facts shown by the record. We do not see that it was reversible error to have the record show that no such person as Dr. G. Gordon Martin was connected with the defendant corporation. The defendant was doing business under the name of Dr. G. Gordon Martin, and impliedly it held out to the world, and represented, that Dr. G. Gordon Martin was engaged in the dentistry business at appellant's establishment.

The hypothetical question propounded to Dr. Cooke we think substantially sets out the facts which appear in evidence, and while it may have been unnecessarily prolix in the statement of those facts, it contains nothing, so far as we have been able to discover, which does not appear in evidence. We think that no material error was committed in permitting Dr. Cooke to answer it. His answer was a very cautious and non-commital answer, and we do not perceive how it could have influenced the jury against appellant.

Much stress is laid in argument upon the language employed by counsel for the plaintiff, and the conduct of counsel for plaintiff in the presence of the jury, both of which, it is claimed, were highly improper and prejudicial to the defendant on the trial, and that the court failed to properly rebuke counsel and control his conduct. We think the court should have controlled the trial of the cause and the language, statements and conduct of the plaintiff's counsel to a much greater extent than it did. The conduct of counsel for plaintiff and his language and remarks on the trial were improper. They were calculated to influence improperly the jury. If we could see from the record that they did so influence the jury, we would not hesitate to award a new trial, but we are unable to discover from the record that the jury were in any manner or to any extent influenced thereby to the material injury of appellant. We also think that in the closing arguments of plaintiff's attorney to the jury the court

erred in allowing him to go beyond the proper limits of argument; but here again we are unable to perceive that the jury were influenced to the prejudice of appellant.   If the case on the evidence submitted was a close or doubtful one, we think the improper language, statements and conduct of plaintiff's attorney would be sufficient to justify the court in granting a new trial for that reason alone.   The case as made by the evidence, however, is not, as it seems to us, a close or doubtful case, and the jury were warranted upon the evidence in returning the verdict which was reached by them.   We think, therefore, in this case, the errors complained of in this respect should not result in a reversal of the judgment.

We do not think the trial court committed reversible error in refusing to submit to the jury the special interrogatories requested by appellant.   The interrogatories were not submitted before the commencement of the argument to the plaintiff's attorney or to the court.

The trial court, in our opinion, did not commit reversible error in allowing the fifth count of the declaration to be taken by the jury, with the remainder of the declaration, upon their retirement to consider of their verdict.   The fifth or last count of the declaration had been publicly dismissed or withdrawn in the presence and hearing of the jury.   West Chicago St. R. R. Co. v. Buckley, 200 Ill. 260.

We have considered with care the evidence and the argument of counsel for appellant relating to the claim urged that the damages awarded are excessive, and the verdict was the result of passion and prejudice. We are unable to agree with this contention.   The amount of damages may be considered liberal, but on the evidence we cannot say they are excessive.   We do not think that the verdict was the result of passion and prejudice.

The judgment is affirmed.

*Affirmed.*