## Anthony Rebak, Executor, Defendant in Error, v. Chicago Terminal Transfer Railroad Company, Plaintiff in Error.

## Gen. No. 15,783.

INSTRUCTIONS—*when upon right of recovery erroneous.* If the court instruct the jury to the effect that if the jury believe from the preponderance of the evidence that the defendant was guilty of the negligence charged in the declaration, *or either count thereof,* then the plaintiff is entitled to recover, error is committed if there was no evidence to sustain one or more of the counts of the plaintiff's declaration.

Action in case for personal injuries. Error to the Superior Court of Cook county; the HON. BEN M. SMITH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Reversed and remanded. Opinion filed October 3, 1911.

JESSE B. BARTON, for plaintiff in error.

FRANK H. NOVAK and CHARLES E. MILROY, for defendant in error.

MR. JUSTICE CLARK delivered the opinion of the court.

Suit was brought in his lifetime by Frank Matyszyk against the plaintiff in error for damages on account of injury to his health alleged to have been occasioned by negligence of the plaintiff in error while Matyszyk was a passenger upon its railroad. Suit was brought in June, 1905. Before the trial, which was had in March, 1909, Matyszyk died, and in February, 1909, his death was suggested of record and an order entered that the cause proceed in the name of Anthony Rebak, the executor of his estate.

The record discloses that February 14, 1905, was a cold, stormy day, with a large amount of snow falling. In the afternoon Matyszyk with two others left their home, which was three and a half or four miles from the station used by the defendant in the city of Chicago, and went by street car to this station, where they remained for some time and then bought tickets to Chicago Heights, a station on the defendant's railroad. Some time, perhaps an hour, after buying the tickets, they boarded the train of the defendant, expecting to be taken to their destination. There is testimony on behalf of the defendant to the effect that as passengers were boarding the train they were told that it would not go beyond Harvey, and that employes of the defendant went through the train advising all passengers that the train would not go beyond Harvey on account of the storm and a blockade. The announcements were made in English. Matyszyk and his companions are said to have been unable to speak English, and the testimony tends to show that they did not understand the announcements, if such were given. The train left about five o'clock in the afternoon and within an hour was at Harvey, a station intermediate between Chicago and Chicago Heights. Matyszyk and his companions were told with the other passengers to get off the train. There is some evidence offered by the defendant to the effect that the passengers were told at

Harvey that the train would not proceed and that they would be taken back to Chicago if they so desired, and it appears undisputed by the evidence that some passengers were taken back by the train to Chicago.     On the other hand, there is testimony offered by the plaintiff to the effect that Matyszyk and his companions were told that they would not be taken to Chicago. Matyszyk and his companions then stayed in the depot at Harvey until between 9 and 10 o'clock in the evening, when an employe of the defendant in charge of the station is said to have required them to leave the station so that it might be closed for the night.  Matyszyk and his companions were then taken by another employe of defendant to a small house or shanty in which there was a stove, which did not keep them warm as they slept, and remained there until 6 o'clock on the following morning when they returned to the station at Harvey, and about the middle of the afternoon were taken by a train to Chicago Heights.     Matyszyk remained in Chicago Heights for one or possibly two days and then returned to Chicago.     It appears that soon after getting to Chicago he was attended by a physician who testified at the trial that he found him suffering with double lobar pneumonia, both lungs being affected, the right one more than the left.     The physician further testified that Matyszyk remained in bed for about twelve days, and at the expiration of three weeks "he was about all right."     His death, which apparently occurred some years afterward, is not charged to have been caused by the effects of the pneumonia.

The present suit is brought upon the theory that the defendant was negligent in its care of Matyszyk while at Harvey in not providing him with a suitable place in which to stay, and that to such negligence the attack of pneumonia is directly attributable.     There was a trial before the court and a jury and a verdict against the defendant in the sum of $2,000, upon which judgment

was entered, which judgment is sought to be reversed in this proceeding.

The declaration is in five counts. The first, second, and fourth counts, after setting up the relation of the parties, etc., deal with the treatment of Matyszyk at Harvey and allege as negligence the action of the defendant in failing to care for him properly there as well as its action in stopping the train at Harvey and requiring Matyszyk to alight at that point.

The third count of the declaration charges the negligence of the defendant to be that it allowed its engine which was used upon the train to become old, wornout and defective and incapable of hauling the train to its destination, whereby the train was stopped at a small station a long distance from the destination of Matyszyk and unable to proceed, by means whereof Matyszyk was compelled by the defendant to take up his temporary abode in an uninhabited house without sufficient heat, and thereby contracted an illness of a permanent and lasting nature, etc.

The fifth count of the declaration alleges that it was the duty of the defendant to furnish and equip its train with a locomotive engine of sufficient power and strength to pull the train to the destination of plaintiff's testator, but that the defendant negligently and carelessly furnished and attempted to haul said train with a small, weak and insufficient engine over the snow and ice covered rails of the railroad, and that the engine was incapable of hauling said train and was compelled to stop a long distance from the destination of the plaintiff's testator, etc.

The record does not contain any proof tending to sustain the allegations of either of the two counts last mentioned. One of the instructions asked by the plaintiff and given by the court to the jury is to the effect that if the jury believed from a preponderance of the evidence that the defendant was guilty of the negligence charged in the declaration, *or either count*

thereof, and that the injury to Matyszyk complained of and alleged in the declaration resulted directly therefrom, and that he was in the exercise of ordinary care for his own safety before and at the time of the injury, if any, the defendant is liable and the plaintiff is entitled to a verdict.

The same language was used in another instruction in connection with other matters therein set forth. These instructions were objected to by the defendant and exceptions taken to the action of the court in giving them.    Inasmuch as there was no evidence to sustain the third or the fifth count of the declaration, the giving of these two instructions which permitted a recovery upon either or both of them was erroneous, and the judgment must be reversed for that reason.    Ewing v. Runkle, 20 Ill. 448; Piatt, etc., v. People ex rel, etc., 29 Ill. 54.

The court was asked by the defendant to instruct the jury to find the defendant not guilty under the third and also under the fifth count of the declaration filed in the cause, and refused to give such instructions.    While it was not erroneous for the court to refuse to give the two instructions last referred to, no error would have been committed if he had given them, and by his doing so the error in giving the two instructions on behalf of the plantiff as above mentioned might have been rendered harmless.    North Chicago Street Railway Co. v. Hutchinson, 191 Ill. 104.

Inasmuch as the case must be reversed for the errors suggested, it is unnecessary to pass upon the other points raised by the plaintiff in error in its brief, and we have refrained from discussing them.    The judgment wll be reversed and the cause remanded.

*Reversed and remanded.*