JULIA STACK, Admx., Appellee, *vs.* THE EAST ST. LOUIS AND SUBURBAN RAILWAY COMPANY, Appellant.

*Opinion filed June 29, 1910.*

1. NEGLIGENCE—*burden is on plaintiff to show exercise of ordinary care.* The burden is on the plaintiff, in a damage suit for the negligent killing of her intestate, to show that the deceased was in the exercise of ordinary care for his safety at the time he was injured; and this question is one of fact, to be determined by the circumstances.

2. SAME—*whether evidence tends to show ordinary care is a question of law.* Whether the evidence tends to prove ordinary care by plaintiff's intestate at the time he was injured is a question of law, which a court can determine adversely to the plaintiff only when no other conclusion can reasonably be drawn from the uncontradicted facts and from the evidence favorable to plaintiff.

3. SAME—*the requirement of law as to what is ordinary care.* There is no rule of law which prescribes any particular act to be done or omitted by a person who finds himself in a place of danger, which will constitute ordinary care, and the only requirement of the law is that his conduct shall be consistent with what a man of ordinary prudence would do under like circumstances.

4. SAME—*courts can prescribe no rule of action for a person stepping from behind one car in front of another.* Courts can prescribe no rule to be observed by a person who, passing behind the

street car from which he has just alighted, is suddenly confronted by another car, but such person, upon alighting from the car, has a right to rely upon his sense of hearing as well as of sight, and to expect that the street railway company will not run a car past a car discharging passengers without giving warning and observing the ordinances of the city governing the speed of cars.

5. SAME—*defendant's negligence may be considered on question of ordinary care.* The negligence of a street railway company in running its car without warning and at a high rate of speed past another of its cars which is discharging passengers does not relieve such passengers from the necessity of exercising ordinary care, but such negligence may be considered in determining whether the conduct of a passenger was such as an ordinarily prudent man might have adopted under the circumstances.

6. SAME—*when instruction imposes too high a degree of care.* An instruction requiring a person, before crossing a street car track after stepping behind one car, to "look and *ascertain* whether the track was clear or whether a car was approaching," imposes upon such person more than the law requires in order to be in the exercise of ordinary care. (*Chicago City Railway Co.* v. *O'Donnell,* 208 Ill. 267, distinguished.)

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the City Court of East St. Louis; the Hon. W. J. N. MOYERS, Judge, presiding.

SCHAEFER, FARMER & KRUGER, for appellant.

M. V. JOYCE, and D. J. SULLIVAN, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The appellee recovered a judgment against the appellant for causing the death of her intestate, John Stack, and the judgment has been affirmed by the Appellate Court. The errors assigned question the action of the trial court in refusing to instruct the jury to find the defendant not guilty and in refusing one other instruction.

The deceased alighted from the rear platform of an interurban car going west on State street, in the city of East St. Louis, which had stopped at the west side of Six-

teenth street. As he passed around the rear end of the car to go to the south side of State street he was struck and killed by an east-bound car. The negligence charged in the declaration was running the car past the standing car at a high rate of speed in excess of the rate limited by an ordinance of the city, without ringing a bell or sounding a gong, without having the car under proper control and without having it equipped with a fender in a reasonably safe condition. There was evidence tending to prove the negligence charged, and it is not contended that the judgment of the Appellate Court is not conclusive against appellant on this question. It is, however, insisted that there is no evidence in the record that the deceased was in the exercise of ordinary care for his own safety.

The burden of proof is always on the plaintiff, in actions of this character, to show that the deceased was in the exercise of ordinary care at the time he was injured, and this question is always one of fact, to be determined by the circumstances attending the event. Whether the evidence tends to prove such care is a question of law, which a court can determine adversely to the plaintiff only when no other conclusion can reasonably be drawn from uncontradicted facts and from the evidence favorable to the plaintiff. There is no rule of law which prescribes any particular act to be done or omitted by a person who finds himself in a place of danger. In the variety of circumstances which constantly arise it is impossible to announce such a rule. The only requirement of the law is that the conduct of the person involved shall be consistent with what. a man of ordinary prudence would do under like circumstances. Courts can lay down no precise rule of action to be observed by a man who, passing behind a street car, finds himself suddenly confronted, without warning, by a rapidly moving car or other vehicle. If, momentarily paralyzed or confused by the imminent danger, he does nothing, or takes a step or two in the wrong direction and a

collision results, it cannot be said, as a matter of law, that he acted in a manner different from that which might have been expected from a man of ordinary prudence. It is not an extremely unusual situation, and each case, as it arises, must be determined upon its own facts. There was evidence in this case that the car which struck the deceased was running at a rate of speed greatly in excess of the ten miles an hour limited by the ordinance; that the gong was not sounded within fifty or sixty feet of the crossing where the deceased was struck, and that the east-bound car was within two or three feet of him as he came from behind the west-bound car. It was possible for him, by the exercise of a sufficiently high degree of care, to have discovered the east-bound car and not have got in its way. He had, however, a right to rely upon his sense of hearing as well as of sight, and to expect the appellant, in running its car past another car stopped for the discharge of passengers, to give warning and to observe the ordinance of the city in respect to speed. While the negligence of the appellant did not relieve the deceased from the necessity of exercising care for his own safety, it is to be considered in determining whether his conduct was such as an ordinarily prudent man might have adopted under the circumstances, and that question was properly submitted to the jury.

Complaint is made of the refusal of the court to give to the jury the following instruction which was asked on behalf of appellant:

"The court instructs the jury that if you believe, from the evidence, under the instructions of the court, that the degree of care required of the said John Stack for his own safety, as defined in these instructions, required him, before crossing said track, to look and ascertain whether the track was clear or whether a car was approaching, and if the jury believe, from the evidence, under the instructions of the court, that the said John Stack, by the exercise of such care would have looked and ascertained whether the track

was clear and whether or not a car was approaching, and if the jury further believe, from the evidence, under the instructions of the court, that the said John Stack did not so look and ascertain whether the track was clear and whether or not a car was approaching, and that he was killed in consequence of his failure to so look and ascertain, if he did so fail, then the court instructs the jury to find the defendant, East St. Louis and Suburban Railway Company, not guilty."

This instruction authorized the jury to find that the degree of care required of the deceased for his own safety required him, before crossing the track, not only to look, but to ascertain whether the track was clear or a car was approaching. In other instructions the court had told the jury, in accordance with the correct rule, that it was the duty of a person about to cross a street railway track to use reasonable care to ascertain whether there was an approaching car, and that neglect to do so would preclude a recovery. This instruction, however, went beyond that proposition, and authorized the jury to find that the deceased must not only use reasonable care, but must, at his peril, ascertain the fact. Ordinary care to ascertain the fact was all that was required of the deceased, and the instruction was objectionable because it permitted the jury to find that more was required. In *Chicago City Railway Co.* v. *O'Donnell,* 208 Ill. 267, the refusal of an instruction somewhat similar to that now under consideration was held erroneous. That instruction, however, submitted to the jury the question whether the deceased, if he had looked, could by the exercise of ordinary care have ascertained whether or not a car was approaching. The instruction now under consideration does not submit this question, which was necessary to be decided in determining whether the deceased had exercised due care.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*