**Peter Wennmacher, Administrator, Appellee, v. Joseph K. Choate, Receiver, Appellant.**

### Gen. No. 7,026.

1. CARRIERS—*when instruction in action for death of passenger on interurban car is properly refused.* In an action for the death of a passenger who, while riding upon the running board of an interurban car, was knocked therefrom by coming in contact with a truck which was standing beside the track, an instruction which required of the motorman the exercise of only ordinary prudence and left it to the jury to say whether an ordinarily prudent person driving the car would have anticipated the collision, was properly refused.

2. CARRIERS—*what degree of care owing to passengers upon running board of interurban car.* As to passengers riding upon the running board of an interurban car with the acquiescence of the company's servants, the company and its servants owe the highest degree of care consistent with the mode of conveyance adopted and with the practical operation of the road.

3. CARRIERS—*when instruction in action for death of passenger on interurban car is properly refused.* In an action for the death of a passenger who was knocked from the running board of an interurban car by coming in contact with a truck which was standing

beside the track, an instruction which submitted to the jury the question whether the driver of the truck backed it into such a position as to cause the accident was properly refused when the evidence would not have permitted the jury to find that the truck was moved backward.

4. TRIAL—*when error to submit question to jury.* It is error to submit to the jury a question which is not supported by any evidence.

5. NEGLIGENCE—*when instruction upon question of intervening cause is improper.* In an action for negligence, an instruction upon the question of an intervening cause was improper where it was so framed as to tell the jury that certain facts, if proved, constituted an intervening cause, separate and distinct from any acts of defendant's servant, instead of defining an intervening cause and then leaving it to the jury to determine whether the facts proved constituted an intervening cause and whether they were separate and distinct from the acts of defendant's servants.

6. CARRIERS—*right to recover for death of passenger on interurban car notwithstanding third person's negligence.* In an action for the death of a passenger knocked from the running board of an interurban car by contact with a truck in the street, plaintiff could recover from the carrier though the driver of the truck was negligent and his negligence combined with that of the motorman in causing the injury.

7. APPEAL AND ERROR—*when defendant estopped to allege error in plaintiff's instruction.* The defect in an instruction, given in behalf of plaintiff in a negligence case, in that it refers the jury to the declaration to ascertain what case the plaintiff alleged, cannot be taken advantage of by defendant where instructions requested by and given for him made like reference to the declaration.

8. NEGLIGENCE—*what instruction proper.* In a negligence case, an instruction that if the jury find from the evidence and the instructions that plaintiff has proved his case and that deceased was, at and before the happening of the accident, in the exercise of ordinary care for his own safety they should find defendant guilty, is proper.

9. APPEAL AND ERROR—*when party estopped to allege error in opposite party's instructions.* A party cannot complain of a defect in his opponent's instructions if he has asked and obtained from the court a like ruling on his instructions.

10. DEATH—*when instruction not objectionable as depriving defendant of defense of independent intervening cause.* Where the declaration in a death case alleged that it was by reason of defendant's negligence that plaintiff's intestate was struck and crushed and killed, an instruction that if the jury found that plain-

tiff had proved his case as alleged in the declaration and that deceased was in the exercise of ordinary care for his own safety then they should find defendant guilty, was not subject to the objection that it deprived defendant of his defense of an independent intervening cause of the accident.

Appeal from the Circuit Court of Kane county; the Hon. ADAM C. CLIFFE, Judge, presiding. Heard in this court at the October term, 1921. Affirmed. Opinion filed February 23, 1922.

ALSCHULER, PUTNAM & FLANNIGEN, for appellant.

LEONARD C. MEAD, C. HELMER JOHNSON and JOHN KAMES, for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

Christ Wennmacher was a passenger riding on the footboard of a car upon an interurban railway operated by Joseph K. Choate, receiver, and was knocked off the car by the projecting end of a motor truck and suffered injuries from which he soon thereafter died. The administrator of his estate brought this action against the receiver for the benefit of the next of kin. The declaration charged that defendant, through his servants, so negligently operated, propelled and used said car that by reason thereof Christ Wennmacher was injured and died while in the exercise of due care for his own safety. There was a plea of not guilty, a jury trial and a finding and judgment for plaintiff, from which defendant appeals. The only errors assigned are the refusal of instruction No. 22, requested by defendant, and the giving of instruction No. 3, requested by plaintiff.

The ruling of the court on instruction No. 22 requires a statement of the facts. On Labor Day, 1919, there was a picnic at Fox River Park, south of Aurora. Appellant operated a doubletrack interurban road from Aurora to that place and beyond. The car on which the injury occurred was southbound on the

right-hand track.   After going some distance west on
an east and west street in Aurora, it turned upon a
street running in a southerly direction.   A short dis-
tance south of that turn an auto truck was standing
on the west side of the west track of the street car
line headed in towards the curb so that its northeast
corner was nearer the street car than any other part
of it.   It stood upon an incline to the south.   There
were two men on the motor truck.   A third man had
been on the motor and had got off to see whether they
were on the right street to get a furnace they were
after.   The street car was an open one with seats
crosswise of the car and a footboard on each side.   One
witness said that persons were standing on each foot-
board, but the preponderance of the proof is that no
one was standing on the left-hand footboard, because
the cars going northerly on the other track made it
unsafe for passengers to stand on the inside footboard.
The outside footboard of this car was crowded with
men standing thereon.   The conductor was going
along that footboard from front to back of the car,
collecting the fares, not only of the persons on the
footboard, but also of those in the body of the car.
Christ Wennmacher was standing near the middle of
the car and had paid his fare and the conductor had
passed by him and was reaching into the car to col-
lect fares.   The driver of the street car estimated his
speed at 10 miles per hour but the majority of the
witnesses estimated it at 15, 20 or 25 miles per hour.
He had run one mile in eight minutes and had made
two stops during that time.   How long those stops
were is not proved.   The jury were warranted in find-
ing that the speed was 20 or 25 miles per hour.   The
driver of the car saw this motor truck with its rear
corner standing near his car.   He knew that the car
was crowded and that the west footboard was loaded
with passengers.   It was his testimony that that cor-
ner was two or two and one-half feet distant from the

footboard. There was more or less confusion where the conductor was going along the footboard and passing those standing on the footboard. There is proof that the car swayed from side to side as it went along. This was an old car which had been repaired 5 years previous and was in use as an extra on this day. This swinging was probably caused or increased by the fact that the right-hand footboard was loaded with passengers while the other footboard was empty. This swinging should have been known to the driver of the street car. It increased the danger that passengers on the footboard might be brought in contact with the corner of the truck. Two or three passengers were struck by the corner of the truck and were knocked off. The conductor was struck either by the truck or by one of the passengers in front of him, but he had hold of the body of the car and did not fall. Among those struck and knocked off was Christ Wennmacher, who was so seriously injured that he died from those injuries within a few days in a hospital.

Instruction No. 22, offered by defendant and refused by the court, is too long to be inserted here, but it sought to have the jury find that the truck was an intervening cause for which defendant was not responsible. The instruction cannot be sustained by *Chicago Union Traction Co. v. Browdy*, 206 Ill. 615, because the instruction on that subject, there approved, predicated the rule there laid down upon the proposition that the jury believed from the evidence that defendant and its servants at the time and place of the injury were exercising ordinary care and that the servants in charge of the car did all that could be done in the exercise of ordinary care, before the jury could find for defendant on the ground of an independent intervening cause. The instruction here offered and refused contained no such proposition, but authorized the jury under the circumstances therein stated to find defendant not guilty, even if defendant

was proved by the preponderance of the evidence to be guilty of the negligence charged in the declaration. This instruction only required of the servant of the defendant driving the car the exercise of ordinary prudence and only left it to the jury to say whether an ordinary prudent person driving the car would have anticipated or foreseen the collision which followed and killed deceased, whereas defendant and his servants owed to deceased the highest degree of care consistent with the mode of conveyance adopted and with the practical operation of the road. This instruction submitted to the jury the question whether the driver of the auto truck backed it up into such a position as to cause this accident. There was no proof that he backed the truck. Every witness who testified on that subject said that the truck was not backed but that it stood stationary until it was struck by the bodies of men on the footboard and then it was moved forward one to two feet. The truck was standing on a down grade. It could not have been moved backward without reversing the engine. No reversal of the engine was suggested by any witness. Appellant argues that the jury had a right to infer that it was backed because those standing on the front end of the footboard were not struck. They had paid their fares and were relieved of the disturbance caused by the conductor passing along on the footboard and getting by them. The men that were struck were stationed where the conductor was just getting by them and getting their fares. Those movements where the conductor was naturally resulted in the men on the footboard being projected further out from the car. We are of opinion the evidence would not have permitted the jury to find that the truck was moved backward. It is error to submit a question to the jury which is not supported by any evidence. The instruction was so framed as to tell the jury that certain facts, if proven, constituted an intervening cause, separate and

distinct from any acts of defendant's servant, whereas the instruction should have defined an intervening cause and then left it to the jury to determine whether the facts proved constituted an intervening cause and whether such facts were separate and distinct from the acts of defendant's servants. It failed to take account of the omissions of defendant's servants in failing to notice the dangerous proximity of the truck to the loaded footboard of the car. Plaintiff was entitled to have such omissions considered as well as the acts of the motorneer. The instruction was calculated to mislead the jury by implying that if the driver of the truck was negligent, defendant was not liable, although the driver of the car was also negligent, and their combined negligence caused the injury. Plaintiff could recover under this declaration though there was such combined negligence. *Pullman Palace Car Co. v. Laack,* 143 Ill. 242, 263; *Chicago & A. Ry. Co. v. Averill,* 224 Ill. 516; *Kennedy v. Swift & Co.,* 234 Ill. 606. In the *Averill* case, *supra,* the court said:

"Negligence may be the proximate cause of an injury of which it is not the sole cause. If the appellant's negligence concurred with some other event, other than appellee's fault, to produce the injury, so that it clearly appears that but for such negligence the injury would not have happened, and both circumstances are closely connected with the injury in the order of events, the appellant is responsible even though its negligent act was not the nearest cause in order of time."

Instruction No. 22 was properly refused.

Instruction No. 3, given at the request of plaintiff, told the jury that if they found from the evidence and the instructions that the plaintiff had proved his case as laid in his declaration, and that deceased was at and before the happening of the accident in the exercise of ordinary care for his own safety, then they should find the defendant guilty. This instruction, in substance, has frequently been passed upon by the

courts. Sometimes it has been criticised because it referred the jury to the declaration to ascertain what case the plaintiff alleged. Appellant cannot avail himself of any such defect in this instruction because in two instructions which the court gave at appellant's request, namely, Nos. 12 and 13, like reference was made to the declaration. A party cannot complain of a defect in his opponent's instructions if he has asked and obtained from the court a like ruling on his instructions. Aside from that criticism, this instruction, in substance, has been approved or sustained in the following among other cases: *North Chicago St. R. Co. v. Hutchinson,* 191 Ill. 104; *Central Ry. Co. v. Bannister,* 195 Ill. 48, and cases there cited; *West Chicago St. R. Co. v. Lieserowitz,* 197 Ill. 607; *James S. Kirk & Co. v. Jajko,* 224 Ill. 338; *Chicago City Ry. Co. v. Foster,* 226 Ill. 288. But appellant argues that he was thereby deprived of his defense of an independent intervening cause of the accident. This is a misapprehension of the declaration. In order that plaintiff could recover under this instruction No. 3, plaintiff must have proved his case laid in the declaration by a preponderance of the evidence, which the jury also must have believed. That declaration alleged that it was by reason of defendant's negligence that plaintiff's intestate was struck and crushed and killed. If the jury found these facts established by a preponderance of the evidence then there was no independent intervening cause. Defendant's position on that subject was covered by several instructions given at appellant's request. No. 8 told the jury that to entitle the plaintiff to recover they must not only find defendant guilty of a negligent breach of duty but that this breach was the immediate or real cause of the injury and that there could be no recovery unless such breach of duty was the immediate cause of the injury. By No. 12 the jury were required to find that defendant's negligence was the direct cause of the injuries to the

deceased or they would find defendant not guilty. In our opinion the court below did not err in giving the third instruction.

This disposes of all the errors assigned. The judgment is therefore affirmed.

*Affirmed.*