Arthur E. Wise, Appellee, v. Kuehne Manufacturing Company, Appellant.

February term, 1944. 1944. Rehearing denied March 25, 1944.

Heard in this court at the Opinion filed February 28,

MEYER & MEYER, of Greenville, for appellant.

GLEN B. WILSON, of Greenville, for appellee.

MR. JUSTICE BRISTOW delivered the opinion of the court.

Appellee, Arthur E. Wise, as plaintiff, instituted a suit against Kuehne Manufacturing Company, a corporation, appellant, as defendant, for damages for personal injuries received by plaintiff when an automobile in which he was riding collided with the rear end of a truck of appellant, operated by one of appellant's servants and standing on the north or right half of the pavement in a public highway in the nighttime.

The jury returned a verdict in favor of plaintiff against defendant for $3,033, and judgment was entered upon the verdict. The defendant has taken this appeal from the judgment.

The complaint consisted of several counts, charging acts of negligence and violation of the statutes of Illinois governing traffic upon public highways. Except as hereafter mentioned, we do not deem it profitable to make further statements in regard to the pleadings.

On the night of February 10, 1942, a large combination trailer truck belonging to the defendant, loaded with furniture, was being operated by one Leslie McConnell, a servant of appellant. It was coming west from Smithboro on U. S. Highway 40, and about three quarters of a mile outside of Greenville it came to a stop on the north half of the 18 foot pavement. Later, it was discovered that mechanical trouble caused the sudden stoppage of the truck. The shoulders of the road were of soft dirt. The driver of the truck testified that he put out three flares; one, 50 or 60 feet west; one, a few feet to the side and east of the rear end of the truck; and one, back east of the truck on the pavement. He stated that on the truck there were numerous lights on the rear across the top, on the side about two and a half feet from the bottom, and one underneath; and that there were two red reflectors on the rear of it about a foot from the bottom.

The truck driver went to Greenville to get a garage man and wrecker, and returned in about half an hour with the man and the wrecking outfit. The garage man testified that he turned around east of the truck, and that lights were burning on the rear of it then, but he made no statement regarding flares on the pavement. Testimony showed that the truck lights were all on one switch. The wrecker was hitched to the front of the truck. The truck driver testified that he then picked up and extinguished the flare he had set on the pave-

ment east of the rear end of the truck and the flare that he had set on the pavement a few feet from the roadside rear corner of the truck, and that he then got into his truck intending to pick up the flare which was to the west as he went past it. The wrecker was able to move the truck only 10 or 12 feet when its wheels began to slide. Thereafter, chains were adjusted on the wheels. The evidence showed that it had snowed, and that there was some ice on the pavement, and it was a little foggy and cloudy. Another unsuccessful attempt was made to move the truck and chains were then put on the wrecker.

The driver of appellant's truck testified that the truck lights were burning at that time; that he then started to put out flares; that he put one at the roadside rear corner of the truck again; but that the flare had not been placed on the pavement east of the truck again; and that he was standing about six feet east of the truck with a flash light when the car in which the plaintiff was riding approached; that he signaled with the flash light; but that the automobile, which was coming at about 30 miles an hour from the east, did not stop and collided with the trailer truck at about the middle of the rear end.

The plaintiff testified that he was riding in an automobile owned and driven by a friend, and they were going at a speed of 25 or 30 miles an hour. He and his friend, on alternate days, used their respective automobiles for the two to ride to their work. The time of the accident in question was before daybreak. Appellee and the driver of the car, each, testified very positively that as they approached this standing truck there were no flares or lights on or about it; that there were no warning lights on the truck or highway or otherwise; and that there were no signals which gave them notice of the presence of this truck standing in front of them upon the paved part of this highway. The driver of the car testified that after the collision

occurred and after appellee had been removed to the hospital, the truck driver took flares from the cab of the truck, lighted them, and placed one on the pavement 100 feet in front and to the west of the truck, and one on the pavement at the rear corner of the truck, and one on the pavement about 100 feet east of the truck.

A son of the plaintiff testified that, at the hospital, the truck driver told him there were no lights on or about the truck.

The plaintiff testified that the car in which he was riding had passed several automobiles, and that they passed the last one about 400 yards east of the point of collision. There is no evidence that after the truck driver took the flares off the pavement, any other automobile from the east came to or around the standing truck. However, it does show that before the flares had been taken off the pavement, two Greyhound buses and a freight truck had come from the east up to the standing truck and had gone around it. Plaintiff and the driver of the car claim that they were driving carefully, looking ahead, and that defendant's truck suddenly loomed up a few feet in front of them. The proof shows that the dimmer lights were on the car in which plaintiff was riding from the time it passed the last east bound car, above mentioned, until the collision occurred.

Appellant contends that the driver of the car had testified formerly, by deposition, that he could see 300 feet ahead, and at the trial said that his visibility was limited to 50 or 60 feet. Appellant also contends that the driver of the car violated the statutes of Illinois in driving without bright headlights; and that he negligently crashed into the rear of the truck; and that his negligence, or his negligence combined with that of plaintiff in not warning him, was the sole, proximate cause of the collision and consequent injury to the plaintiff.

Plainly, there is a sharp conflict in the evidence as to whether or not the defendant was guilty of any negligence that proximately caused the accident; as to whether or not the plaintiff was guilty of any contributory negligence; and as to whether or not the driver of the car was guilty of any negligence that proximately caused the accident in question. The jury, by their verdict, decided all these questions adversely to the contention of the defendant. A careful reading of the record brings us to the conclusion that the jury did not make their finding contrary to the manifest weight of the evidence, and consequently, we are not disposed to disturb the same.

Appellant cites, quotes, and discusses a number of decisions on the subject of negligence of a driver, duty of a guest to observe and warn his driver of danger, driving with dimmer lights, and contributory negligence. The principles of law laid down in these cases are frequently recited and recognized. However, an examination of these cases discloses that they treat of facts and situations where there were obvious known warnings of danger ahead, or known conditions placing the driver on notice. They are distinguishable in several particulars from the case under consideration. Violation of a statute may be held to be prima facie evidence of negligence but not conclusive. In *Carroll v. Krause,* 295 Ill. App. 552, at page 568, the court stated: "It has not been held that proof of the fact that the lights of a car were not sufficiently bright to disclose objects in front of the car for a distance of 200 feet is alone sufficient as a matter of law to prove negligence on the part of the driver of the car, in the event of the car colliding with an unlighted motor vehicle on the highway. Such proof is prima facie evidence of negligence. (*Miller v. Burch, supra; Price v. Bell Telephone Co., supra.*) However, the question of whether the driver of the car, before and at the time and place of the collision, was negligent, depends on all the facts

and circumstances shown by the evidence. (*Miller v. Burch, supra; Price v. Illinois Bell Telephone Co., supra.*)'' Whether or not driving with dimmer lights is negligence under the facts in this case is a question for the jury to determine. *Price v. Illinois Bell Tel. Co.,* 269 Ill. App. 581, 584, 585; *Miller v. Burch,* 254 Ill. App. 387; *Nystrom v. Chicago, St. Louis Transfer Co.,* 297 Ill. App. 649 (Abst.).

Appellant contends that the court erred in denying its motion for a mistrial. This motion was based upon an altercation between plaintiff and the truck driver in the courtroom at the close of the first day of trial. The court took evidence of witnesses, and polled the jury after it had returned its verdict, and such investigation disclosed that none of the jury heard or saw anything of this altercation. Accordingly, the jury could not have been influenced by it and the court did not commit any error in denying the motion for a mistrial.

Appellant makes some contention that the verdict was excessive, and that it resulted from passion and prejudice. It appears from the testimony of Dr. Hall, the attending physician, that the plaintiff had the following injuries: a fracture of the nose; a fracture of the skull; two cuts under his chin, eight stitches being required to close the laceration; fracture of the 6th and 7th rib; a fracture of the 5th metacarpus of the left hand; a concussion of the brain; and multiple contusions and abrasions. The plaintiff was required to stay in the hospital about three weeks. The fracture of the nose produced many hemorrhages which required frequent packings with gauze. Plaintiff suffered considerable pain and discomfort. For many weeks after his return from the hospital, the plaintiff's nose drained from an infection caused by the fracture of his nose. The setting of the bone in his finger caused a good union, but there was an overriding of the ends. At the time of the trial which was a year after the ac-

cident, he had not returned to his employment where he had earned an average of $21 per week. The total amount of the hospital and doctor bills was approximately $157. We are of the opinion that the evidence concerning the extent of the injury fully substantiated the amount of the verdict.

Appellant contends that the court erred in denying its motion for a directed verdict on Count VII of the complaint. This count was based upon sec. 121, par. 218, article 15, ch. 95½, Ill. Rev. Stat. 1941 [Jones Ill. Stats. Ann. 85.250], in regard to vehicles of the second division, which would be the classification of the truck in question. Paragraph (a) of the section provides that while such vehicle is operated outside of a business or residence district on public highways it shall carry not less than three flares or certain other kind of lights capable of continuously producing light visible at a distance of at least 500 feet for at least 12 hours. Paragraph (b) provides, ''Whenever any motor vehicle of the second division and its lighting equipment are disabled during the period when lighted lamps must be displayed on vehicles and such motor vehicle cannot immediately be removed from the main travelled portion of a highway outside of a business or residence district, the driver or other person in charge of such vehicle shall cause such flares . . . to be lighted and placed upon the highway, one at a distance of approximately 100 feet in advance of such vehicle, one at a distance of approximately 100 feet to the rear of the vehicle, and the third upon the roadway side of the vehicle. . . .'' Appellant makes the contention that the truck must be both disabled mechanically and have its lighting equipment inoperative before they would be obliged to put out flares. If this were true, a truck could be stopped on a highway with no lights whatsoever, and if the truck were not mechanically disabled, there would be no duty under the foregoing statute to warn the traveling public with lighted flares.

We are of the opinion that this being a remedial statute, it was the intention of the legislature that in either the event of the truck being without lights or it being stalled on the highway because of mechanical disability, it is the duty of the driver of the truck to use flares as outlined in the statute. Any other construction would be unreasonable. *Rosenthal v. Prussing,* 108 Ill. 128; *People v. Trustees of Northwestern College,* 322 Ill. 120, 124.

A further contention is made by appellant that appellee failed to prove that the place of the accident was outside of a business or residence district. The evidence showed that this accident occurred half a mile outside of Greenville and in the country. We find no merit in the claim of lack of proof that the accident occurred outside of a business or residence district. We do not believe the trial court erred in denying the motion for a directed verdict on Count VII.

Complaint is made to the giving of plaintiff's instructions Nos. 2 and 3, and refusal of defendant's tendered instructions Nos. 2 and 3. Plaintiff's instruction No. 2 is the instruction set up in full and approved in *Slovinski v. Beasley,* 316 Ill. App. 273, 277. The objection is to the word "other" in the phrase "other prudent person." The objection is that it assumes that plaintiff acted as a prudent person and that the instruction is inconsistent with other instructions. We do not believe that the jury could have been misled by this instruction.

Plaintiff's instruction No. 3 is as follows: "The court instructs the jury that, in this case, even though you may believe from the evidence that Walter Stoneburner, the driver of the automobile in which plaintiff was riding on the occasion in question, was then and there negligent, yet such negligence of such driver would not, alone, relieve the defendant, Kuehne Manufacturing Company, of liability, if the jury further believe, from the preponderance of the evidence that

said defendant was, on the occasion in question, guilty of negligence, as charged in the complaint or any count thereof, which proximately caused or contributed to the injury, if any of the plaintiff, Arthur E. Wise, and that the plaintiff Wise, at and immediately before the time of his alleged injury, if any, was in the exercise of due care and caution for his own safety.'' One objection is made that this instruction refers to the complaint to determine the charge of negligence. The second objection is that it is inconsistent in telling the jury that plaintiff might have been in the exercise of due care, since the plaintiff had testified that he had left the driving to the man who was driving the car in which he was riding, and had testified that he had said ''not a word'' to such driver. Appellee, to sustain the propriety of the giving of this instruction, relies upon the case of *Eckels v. Muttschall,* 230 Ill. 462, 468, where a similar instruction was approved. Appellant relies upon *Opp v. Pryor,* 294 Ill. 538, 547.

The *Opp* case involved a collision of an automobile with a train at a railroad crossing. The plaintiff testified she was sitting in the front seat, and that she had no remembrance of the occurrence. Her only reliance of proof of her care was what others said they could see. On the contrary, in the present case, plaintiff testified at great length that he had watched the road up to the time of the collision; that there were no lights and no warning ahead; that the speed was 30 miles an hour; and that suddenly a large dark object loomed in front of them against which the automobile collided. And upon cross-examination, plaintiff was asked whether or not he had said anything to the driver about ice on the pavement and about the distance he could see, and he answered ''no'' and ''not a word.'' All the conditions mentioned and described by plaintiff in this case, were equally observed by the driver of the automobile in which the plaintiff was riding, and the driver so testified. The jury had the right to believe

that there was no obligation on the part of the plaintiff to say "a word" to the driver in this case. The evidence in regard to the conduct of the plaintiffs in the two cases was entirely dissimilar.

An instruction should not refer the jury to a complaint for determination of the charges of negligence, but such reference does not necessarily require a reversal. *Wennmacher v. Choate,* 224 Ill. App. 42, 48, 49; *Lerette v. Davis,* 225 Ill. App. 93, 99. Defendant's first given instruction advises the jury that the gist of each charge made in the complaint is negligence, and defines negligence. Defendant's second given instruction advises the jury that before plaintiff could recover, certain elements "of his charge" must be proved, *viz:* "(1). That defendant was guilty of one or more of the acts of negligence 'charged' against defendant. (2). That such negligence was the proximate cause of the injury, and (3). That plaintiff was not guilty of negligence which contributed to his own injury, and that proofs of one or more such material elements alone would not entitle plaintiff to recover." Defendant's given instructions 4, 7, and 9 at length advised the jury that though it might find the truck driver guilty of negligence, the plaintiff must prove his own due care and that he did not contribute to the injury, and could not have avoided it. Defendant's given instruction 5 advised the jury of the duty of the plaintiff to use his faculties to avoid an injury. The jury certainly was instructed very fully upon all the elements of care and liability and duty of plaintiff. The trial court did not err in giving plaintiff's instructions Nos. 2 and 3.

Defendant's refused instruction No. 2, stated that plaintiff was only entitled to recover such damages as flow from the injury. Defendant's refused instruction No. 3 stated that mere surmise, conjecture of possibility of future pain and suffering could not be regarded as proof of an existing fact or future condition. Plain-

tiff's given instruction No. 4 instructed the jury very fully that it was limited to such damages sustained, if any, as a direct and proximate result of the injury sustained, in so far as such damages and injuries are established by a preponderance of the evidence. The jury was very fully and clearly advised of its duty in regard to the assessment of damages. The trial court committed no error in the giving and refusing of instructions in this case that would warrant a reversal of this judgment.

Perceiving no reversible error, the judgment herein should be and is, hereby, affirmed.

*Judgment affirmed.*