Arthur Budds, Appellee, v. Keeshin Motor Express Company, Inc., Appellant.

Gen. No. 9,449.

Heard in this court at the May term, 1945. Opinion filed May 28, 1945. Released for publication June 23, 1945.

PROVINE, WILLIAMS & PINKERTON and ERNEST G. YOUNG, all of Springfield, for appellant.

EDWARD PREE and HAROLD O. WERNER, both of Springfield, for appellee.

MR. JUSTICE DADY delivered the opinion of the court.

This is a negligence action growing out of a collision in which an automobile driven by plaintiff ran into the rear left corner of defendant's tractor trailer truck.

There was a verdict and judgment of $2,500 for plaintiff. Defendant appeals.

The collision happened on December 8, 1940, about 3:00 a. m., on U. S. Route 66, about one and one-half miles north of the city limits of Springfield, Illinois, at a point estimated at one-half block to 100 feet south of the top of a hill known as ''Portuguese Hill.'' Both vehicles had been proceeding southerly. The incline of the hill was about 500 feet in length. The lower half of the hill was lighted with amber flood lights. South of that there were no street lights. The night was clear. South of the top of the hill the road was straight and level, was paved and had a black or yellow distinguishing line in the center. The shoulders of the road were of asphalt. There was no other traffic. No one was in the automobile other than the plaintiff, and no one was in the truck other than the truck driver. The truck was of a dark grey color. As to the relative positions of the two vehicles after the collision, the record merely shows that the truck was then about 50 feet southerly of the plaintiff's car.

On the east side of the road and opposite the point of the collision there was a service station and grocery store. About 300 feet south and on the west side of the highway there was a tavern which was then being operated by Clifford Lyle and wife. To the north and adjoining the tavern was a service station. North of such last service station up to the point of the collision there were two, three or four houses. South of the Lyle tavern and on the east side of the road was located Black's tavern which was also being operated.

Plaintiff testified that he drove up the hill and was going about 30 or 35 miles per hour after reaching the top, his bright head lights were on and would show

about 100 feet in front of his car, his brakes were good, he could stop his car within about 100 feet when going about 35 miles per hour, his car while being driven at 35 miles per hour could be turned 10 feet to the left of its course within a distance of 50 feet, he was looking out for traffic, he first saw the truck when he was 10 or 20 feet from the truck, the truck was then standing still or moving very slowly, he saw no lights on the truck and no flares, when he first saw the truck he put on his brakes and turned his wheel to the left to avoid hitting the truck, but his car hit the left corner of the truck.

Lyle, the tavern keeper, testified that he had gone south to Black's tavern to get some change and was on his way back to his own tavern when he saw the plaintiff's car with its lights on coming over the hill from the north and then heard a crash, that he saw the truck standing on the slab on the west side of the highway two or three minutes before the collision, without any front lights on, that there were no flares until after the collision, that he first saw the rear of the truck after the collision and at that time there was no lighted lantern on the rear of the truck. He further testified without objection that when he came to the place of the collision Cole, the driver of the truck, told him that he did not have any lights on the back of the truck.

Mrs. Lyle testified that she was in the tavern and heard the crash. She further testified, without objection, that shortly after the collision Cole, the driver of the truck, came into the tavern and 'phoned his company, and in so doing told his company that he had had a wreck and did not have any lights on his truck and had not had any lights on his truck for quite a ways back; that she then went out of the tavern and saw no lights on the truck and saw no flares on the road.

Henry Bear testified that he was driving south and came to the scene of the collision .shortly after the collision, that there were no lights on the rear of the truck and no flares, but that there was an unlighted lantern on the back of the truck.

Cole, the driver of the truck, testified that he was going between 20 and 25 miles per hour at the time of the collision, that his head lights were on, that when he left Bloomington, 61 miles north, he examined his rear lights and they were then on, that no lantern was on the back of the truck either before or after the collision, and that the truck had a rear vision mirror, but he saw no lights on the car approaching from the rear. He further testified that he did not tell Lyle that he did not have any lights on the truck, that he had no conversation with Lyle, and that while telephoning his company after the collision he did not say that he had had no lights on his truck.

Percy Yates testified that he was standing in front of the filling station immediately north of the Lyle tavern, that he saw the truck coming and heard the crash, that the truck driver then pulled to the side of the road and lit a fusee, that as the truck approached its head lights were burning, that he did not notice whether there were any lights on the rear of the truck, and that although he was in a position to see plaintiff's car approaching he did not see such car until after the crash.

The first contention of the defendant appellant is that the uncontradicted evidence shows that the plaintiff was guilty of contributory negligence as a matter of law.

In brief, the argument is that, assuming that the plaintiff was driving 35 miles per hour with head lights that would have enabled him to see 100 feet in front, and with brakes that would have enabled him to stop within 100 feet, that his automobile at such speed

could be turned 10 feet to the left of its course within a distance of 50 feet, that the plaintiff did not see the truck until within 10 or 15 feet of it and then applied his brakes and turned to the left to avoid a collision, but "just barely" hit the truck on its left rear corner, it follows as a matter of law that the plaintiff was guilty of contributory negligence in not seeing the truck until he was within 10 to 15 feet from it, and in not having seen the truck and stopped or turned his automobile in time to have avoided the collision.

The appellant, in support of its contention, cites *Hogrefe v. Johnson*, 271 Ill. App. 469; *Johnson v. Kushler*, 269 Ill. App. 553; *Collins v. McMullin*, 225 Ill. App. 430; *James v. Motor Transit Management Co.*, 260 Ill. App. 246; *Cooney v. F. Landon Cartage Co.*, 308 Ill. App. 444, and *Sugru v. Highland Park Yellow Cab Co.*, 251 Ill. App. 99, in each of which cases the court held the plaintiff guilty of contributory negligence as a matter of law or that the evidence did not tend to prove due care on the part of the plaintiff.

We have carefully read such cases and believe the facts in each of them differ materially from the facts in the instant case. In some of such cases it appears that the court weighed contradictory evidence, while the rule seems to be that in passing upon the question of contributory negligence only the uncontradicted facts and the evidence that is favorable to the plaintiff can properly be considered. (*Pienta v. Chicago City R. Co.*, 284 Ill. 246, 252; *Thomas v. Buchanan*, 357 Ill. 270, 277.)

The case of *Moyer v. Vaughan's Seed Store*, 242 Ill. App. 308, is a well considered case in which the facts are quite similar to the facts in the instant case. In that case the plaintiff's car, driven at a speed of 20 to 25 miles per hour, ran into the rear of a standing truck which was loaded with shrubbery. The night was dark and there was a drizzling rain falling so that the driver of the automobile could not see more than

20 feet in front of the car. The defendant contended that it was negligence as a matter of law on the part of the plaintiff to drive an automobile along a public highway in the dark at such a speed that it could not be stopped within the distance that objects could be seen ahead of it. The Appellate Court, per J. O'CONNOR, said, "So in the case at bar we are of the opinion that whether the driver of plaintiff's automobile was guilty of negligence which contributed to the collision was a question of fact and not one of law, and, therefore, the peremptory instruction requested by defendant was properly refused. Of course there may be situations where it may be negligence as a matter of law for one to drive an automobile along a public highway in the nighttime at such speed that it cannot be stopped within the distance that objects can be seen ahead of it. The test in such cases is, would all reasonable minds reach the conclusion that the conduct of the driver of the automobile was violative of rational standards of conduct applicable to persons in similar situations? . . . In the instant case we think it cannot reasonably be said that the driver of plaintiff's automobile was guilty of negligence as a matter of law. The night was dark and misty. The plaintiff was driving along a country road where standing vehicles were not to be expected. There is evidence to the effect that there was no rear light on the truck; that the color of the truck and its load blended with the coloring of the surface of the road. These, and many other circumstances which might be alluded to, show that all reasonable minds would not reach the conclusion that the driver of plaintiff's automobile was acting as no rational person would act under like circumstances, and, therefore, the question to be determined was one of fact and not law. It is not argued that the finding of the jury in favor of plaintiff on this question is against the manifest weight of the evidence."

(See also *Miller v. Burch,* 254 Ill. App. 387; *Wedig v. Kroger Grocery & Baking Co.,* 282 Ill. App. 370; *Wise v. Kuehne Mfg. Co.,* 322 Ill. App. 26; *McKay v. Hannah,* 320 Ill. App. 437.)

A court can only determine as a matter of law that the evidence does not tend to show due care on the part of a plaintiff when no other reasonable conclusion can be drawn from the uncontradicted facts and from the evidence that is favorable to the plaintiff. (*Pienta v. Chicago City R. Co.,* 284 Ill. 246, 252; *Thomas v. Buchanan,* 357 Ill. 270, 277; *Smith v. Courtney,* 281 Ill. App. 530.) The law does not charge one with anticipating dangers, but he may assume that others have done their duty to give proper warnings of hidden dangers. (*Pollard v. Broadway Cent. Hotel Corp.,* 353 Ill. 312.) Persons who have to act in a sudden emergency are not to be judged in the light of after events, but are to be judged, under all the circumstances of the case, by the standard of what a prudent person would have been likely to do under the same circumstances. (*Barnes v. Danville St. R. & Light Co.,* 235 Ill. 566, 571.) If a person without fault on his part is confronted with sudden danger or apparent sudden danger, the obligation resting upon him to exercise ordinary care for his own safety does not require him to act with the same deliberation and foresight which might be required under ordinary circumstances. (*Synwolt v. Klank,* 296 Ill. App. 79, 85.)

Following and applying the foregoing general rules of law, we are required to assume as true the testimony favorable to the plaintiff, and in so doing are required to assume as true the evidence tending to show that at the time of and immediately prior to the collision the truck was standing still on a portion of the westerly half of the pavement without any light or warning signal on or near its rear-end. We are also required to assume as true the testimony of the

plaintiff that he was going about 30 or 35 miles per hour, that his headlights showed about 100 feet in front of his car, that he first saw the truck when distant about 20 feet from the truck, and that he at once put on his brakes and turned his wheel to the left to avoid a collision. Whether he told the truth when he testified that he was looking out for traffic was a question of fact, which the jury evidently believed.

We cannot say as a matter of law that under all the circumstances of the case such rate of speed of 35 miles per hour was unreasonable. At a speed of 35 miles per hour the plaintiff's car moved about 50 feet per second and traveled the last 100 feet in about two seconds. Had the plaintiff seen the truck the instant he was 100 feet from the truck, he would then have had only about two seconds in which to react, apply his brakes and turn his wheel in time to avoid the collision. We do not feel that we can properly say as a matter of law that in the exercise of due care the plaintiff should have been so intent and alert in his driving as to have necessarily seen the truck the instant it was 100 feet distant. Nor can we say that he was required to anticipate such an unforeseen obstruction on the highway.

It is our opinion that we cannot properly say that all reasonable minds would reach the conclusion that the uncontradicted evidence shows that the plaintiff was guilty of contributory negligence as a matter of law.

██ ██ The only other contentions of the defendant are that the record is void of evidence tending to prove the negligence charged in count one, that the manifest weight of the evidence is that the defendant was not guilty of the negligence charged in count two, and that there is no evidence tending to establish the negligence charged in count three.

The specific negligence alleged in the first count of the complaint was that the defendant carelessly and

negligently operated the truck, and as a result of such negligence the truck collided with, upon and against the car of the plaintiff.

The specific negligence alleged in the second count was that the truck driver stopped the truck and permitted it to stand stationary on the west side of the highway, partly on the slab and partly on the shoulder, and failed to exhibit from the truck a lighted lamp throwing light in a reverse direction as required by par. 202, ch. 95½, Ill. Rev. Stats. [Jones Ill. Stats. Ann. 85.234], and that as a result of such negligence the plaintiff's automobile struck the truck.

The specific negligence alleged in the third count was that the defendant stopped and permitted the truck to be left standing on the west side of the highway without a taillight burning and without flares, lanterns or other warning of the location of the truck as required by par. 218 [Jones Ill. Stats. Ann. 85.250] of such statute, and that as a result the plaintiff's car struck the truck.

We believe the contention as to count one is correct. As to count three, we will assume such contention to be correct. As to count two, we believe the evidence was sufficient to justify the jury in finding the defendant guilty of the specific negligence charged in such count. When there is one good count to which the evidence is applicable and which is sufficient to sustain the judgment, the error of the court, if any, in refusing to instruct the jury to disregard the other counts, becomes harmless. (*Chicago & A. R. Co. v. Anderson,* 166 Ill. 572, 575; *Consolidated Coal Co. v. Scheiber,* 167 Ill. 539, 541; *Olson v. Kelly Coal Co.,* 236 Ill. 502, 504; *Baltimore & O. S. W. R. Co. v. Keck,* 185 Ill. 400, 402.) This follows the holding in a long line of ordinary negligence cases, and we do not believe is inconsistent with the holding in *Greene v. Noonan,* 372 Ill. 286, in which case the complaint contained not only

a count charging negligence but also a count charging wilful and wanton misconduct, and there was no evidence to support the latter charge.

The judgment of the trial court is affirmed.

*Affirmed.*