## KINSER v. RISS & CO., Inc.

### No. 9855.

United States Court of Appeals
Seventh Circuit.

Oct. 19, 1949.

John M. Beverly, J. Theodore Kiggins, Chicago, Illinois, A. J. W. Appell, Chicago, Illinois, for defendant-appellant.

Augustine J. Bowe, William J. Bowe, John D. Casey, Chicago, Illinois, for appellee.

Before KERNER, DUFFY and FINNEGAN, Circuit Judges.

KERNER, Circuit Judge.

This is an appeal from a judgment entered upon the verdict of a jury. The action was brought to recover damages occasioned by the alleged negligence of defendant in leaving its motor truck standing on a public highway. The complaint alleged inter alia that defendant had been guilty of one or more of the following acts of negligence which directly caused injury to plaintiff's person: It negligently (a) left its truck standing on a paved and main traveled portion of a highway when it was practical to leave it standing parked off such part of the highway; (b) left its truck standing on the highway at night without having a lighted lamp thereon throwing a red light visible at least 500 feet in the reverse direction; (c) left its truck standing on the highway at night without displaying clearance lights; (d) left its truck standing on the highway at night without any tail light; and (e) left the truck standing on the highway at night without setting out, approximately 100 feet to the rear of the truck, a lighted flare, continuously visible from a distance of 500 feet, in violation of Chapter 95½, §§ 185, 200, 201, 202 and 218, Ill.Rev.St. 1947.

Upon this appeal defendant's principal contention is that the trial court erred in failing to sustain its motion for a directed verdict in its favor. The question is whether there was sufficient evidence to support the jury's verdict on any one of the charges of negligence on which defendant was found guilty, for the law is that but one charge of negligence is sufficient to sustain a verdict. Miller v. Advance Transportation Co., 7 Cir., 126 F.2d 442, and Olson v. Kelly Coal Co., 236 Ill. 502, 86 N.E. 88.

■ There is nothing which settles an issue of fact with greater finality than the verdict of a jury, Hoblik v. United States, 8 Cir., 151 F.2d 971, 973, and we need cite no authorities for the rule that it is the jury which determines what facts are true. As the jury found the issues in favor of plaintiff, it follows that the evidence established the following facts:

On March 13, 1948, at about 3 o'clock p. m., one Dickey, defendant's employee, was driving defendant's truck and trailer westward on U. S. Route 36, a two-lane highway, and when he arrived at a point about one mile east of Hammond, Illinois, two of the tires on one wheel on the right side of the trailer blew out. He stopped the truck and left it standing on the right lane of the highway while he went to Hammond, and from there to Decatur, to procure a new tire. He then returned to the truck and placed the tire on the wheel. He attempted to replace the other blown tire with a spare tire in the rack of the truck, but discovered it was not usable. After he had replaced one blown tire with the new tire purchased at Decatur, he made no attempt to drive the truck off the highway or to move it in any way. It was then 4 o'clock. He left the truck standing on the highway and went again to Decatur for another tire. Before leaving the truck on his second trip to Decatur, Dickey set one lighted flare to the front, one to the rear, and one on the side of the truck. The flares were pot torches filled with kerosene and wicks, and burned with a yellow flame. The flares were not bright and the wind kept them from burning brightly. The truck was equipped with red tail lights and red clearance lights, and the lighting system was in good condition, but Dickey, before leaving on his second trip to Decatur, did not turn on the tail or clearance lights. The testimony as to the distance between the truck and the flare to the rear of the truck is in conflict. Dickey testified that he placed a flare approximately 150 feet to the rear of the truck, but there was evidence from which the jury could have found that the flare was 20 to 25 feet to the rear of the truck.

At about 7 o'clock in the evening on the highway in question, one Nelson was driving his automobile westward. As he approached the spot at which defendant's truck had been left standing he noticed no flare, and when almost upon the truck he suddenly swerved to the left around the truck. At about the same time plaintiff was also driving his automobile westward at a speed of 40 to 50 miles per hour. He was trailing 75 feet behind Nelson's car which obstructed his view of the truck. Looking forward he saw no flare, and when he was almost upon the truck he swerved to the left, but too late to avoid crashing into the left rear of the truck.

The collision occurred in front of Hennaberry's farm about 500 feet east of a driveway leading into his farmyard, just west of which was an intersecting hard surfaced paved road. That evening, after the crash, the truck was driven to Hammond with one tire on the right rear dual wheel.

The first question presented is whether there was proof that defendant was negligent. Defendant makes the point that the mere act of leaving the truck standing on the proper side of a public road cannot be regarded as negligence, Collins v. McMullin, 225 Ill.App. 430, 432, and asserts that since the shoulder of the highway at the place where the two tires were blown was soft, it was impractical to park the truck off the highway, hence it was not negligent.

■■ It is hornbook law that each case must be considered separately and according to its own circumstances. The statute (Motor Vehicle Act, Ill.Rev.Stat. 1947, c. 95½, § 185 et seq.), a safety measure designed to protect the public generally and not for the convenience of one or a few persons, declares it unlawful to leave a vehicle standing on the pavement of a highway when it is practical to park or leave it off the highway. Here, after Dickey had returned from Decatur with a new tire and installed it on the wheel, it would have been practical to drive the truck off the pavement, as appears from the fact that after the accident that night the truck was safely driven to

Hammond with only one tire on the right dual wheel. These facts the jury had the right to consider, and if true, they were evidence of negligence. Moreover, §§ 200 and 202 of the same statute require that all vehicles on highways at night, whether moving or standing, shall have lighted lamps, while § 201 requires that motor trucks operated on the highways at night shall display on the rear of the truck three red lights plainly visible at a distance of 500 feet. In our case, as noted, the truck was equipped with red tail and clearance lights, and the lighting system was in good condition. Nevertheless, defendant left its truck on the highway without turning on the lights. These facts the jury was privileged to consider. They were evidence of negligence. Miller v. Advance Transportation Co., supra; Becherer v. Belleville-St. Louis Coach Co., 322 Ill.App. 37, 53 N.E.2d 731; and Krug v. Armour & Co., 335 Ill.App. 222, 80 N.E. 2d 386.

Defendant's second contention is that plaintiff was guilty of contributory negligence as a matter of fact and as a matter of law. It insists that when plaintiff approached defendant's parked truck with his headlights on low beam, he violated § 200 of the statute already mentioned, and thus his conduct contributed to the accident. In support of its contention, defendant cites Briske v. Village of Burnham, 379 Ill. 193, 39 N.E.2d 976; Cooney v. F. Landon Cartage Co., 308 Ill.App. 444, 32 N.E.2d 403; James v. Motor Transit Management Co., 260 Ill.App. 246; and McDermott v. McKeown Transportation Co., 263 Ill.App. 325. We have read these cases as well as others cited by defendant. Without reviewing the cases, we think it will be enough to say they are distinguishable on the facts. They do not control this case.

■ Contributory negligence is ordinarily and preeminently a question of fact to be decided by a jury, and it becomes a question of law only when it can be said that all reasonable minds would reach the conclusion, under a particular factual situation, that the facts did not establish due care and caution on the part of the person

charged therewith. Briske v. Village of Burnham, 379 Ill. 193, 201, 39 N.E.2d 976. A test as to whether a plaintiff has exercised ordinary care for his own safety at and prior to the time of his injury, is whether or not he acted as a reasonably prudent man would act under the circumstances. Stack v. East St. Louis Ry. Co., 245 Ill. 308, 92 N.E. 241, 137 Am.St. Rep. 318.

■ There was considerable traffic going east, and automobiles were approaching and passing plaintiff's westbound car at frequent intervals up to the time just prior to the accident. In endeavoring to comply with § 208 of c. 95½ of the Ill.Rev.Stat., plaintiff's headlights were on the low beam so that they would not affect the eyes of the approaching eastbound travelers. In this situation, it cannot be said that plaintiff was guilty of contributory negligence as a matter of law, but plaintiff's action in driving his car with his headlights on low beam is to be considered in determining whether his conduct was such as an ordinarily prudent man might have adopted under the circumstances. The question was one of fact for the jury. Miller v. Burch, 254 Ill.App. 387, 394; Carroll v. Krause, 295 Ill.App. 552, 568, 15 N.E.2d 323; Wise v. Kuehne Mfg. Co., 322 Ill.App. 26, 31, 32, 53 N.E.2d 711; and Budds v. Keeshin Motor Express Co., 326 Ill.App. 59, 61 N.E.2d 579.

■ Finally defendant contends that the trial court erred in refusing one of defendant's tendered instructions. This instruction stated that the verdict must be for defendant if the truck was carrying a heavy load, if the shoulder of the road was wet and soft, if the truck stopped because of a blowout, if the driver put out flares, and if the driver used the care that an ordinarily prudent person would have used under similar circumstances at the time prior to the happening of the accident. To have given this instruction would have been error, for the reason that it ignored many facts which the jury had the right to consider. We have examined all of the instructions given to the jury, and find that the jury was fully and clearly advised of its duty. The given instruc-

tions submitted the issues of fact and applicable principles of law adequately and correctly. Furthermore, defendant is precluded from questioning the court's action, as it failed to object before the jury retired. Dommer v. Pennsylvania R. Co., 7 Cir., 156 F.2d 716.

The judgment of the District Court is affirmed.