Joseph W. Krok, Plaintiff-Appellant, v. Walter E. Cichon and Walter P. Cichon, Defendants-Appellees.

Gen. No. 49,342.

First District, Second Division.

July 3, 1964.

Seaman & Seaman and Louis P. Miller, of Chicago, for appellant.

No brief filed for appellee.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

Plaintiff brought his action for judgment in damages occasioned by the alleged negligence of the defendants in the operation of an automobile. The defendants were defaulted. On a prove-up, a jury being waived, the trial judge found that plaintiff had "not made out a prima facie case," and entered judgment for the defendants. Plaintiff appeals.

Plaintiff was struck and injured by an automobile operated by one of the defendants as he was walking in an easterly direction across Pulaski Road in the crosswalk on the north side of 48th Street, Chicago, on April 22, 1959, at 12:10 a.m. The night was clear,

the streets were dry and there was artificial lighting. Plaintiff and a companion were on their way home. They reached Pulaski, where they stopped to let a southbound car go by, and then proceeded across the street in the crosswalk. Plaintiff was five or six feet ahead of his companion as he proceeded eastward. Defendant, Walter E. Cichon was driving an automobile northward on Pulaski at about 50 miles per hour. His brakes were defective. Plaintiff's companion saw the approaching automobile just before it struck plaintiff and attempted to stop plaintiff, but was too late. The car struck plaintiff and knocked him 50 feet. A brake test made by the police immediately after the occurrence showed that at 35 miles per hour, 125 feet 2 inches were required to stop the car. The police operator making the test would not risk trying the brakes at any higher speed. He reported that when the brake pedal was applied it went almost to the floor. The court accepted as testimony statements made by policeman and by plaintiff's companion without requiring their presence. Plaintiff proved willful and wanton misconduct in the operation of the automobile and negligence which were the proximate cause of the injuries. The trial judge held that the plaintiff was guilty of contributory negligence because he failed to see the automobile which struck him. In Moran v. Gatz, 390 Ill 478, 62 NE2d 443, a pedestrian was going south across a street at night in a crosswalk. She waited at the curb until traffic had passed, and before stepping off the curb she looked west and saw two or three cars coming east, about a block away. She had almost reached the south curb when she was struck by the defendant's eastbound automobile. The Supreme Court reviewed the cases on this subject and held that under these circumstances the pedestrian could not be held guilty of contributory negligence as a matter of law. See also Anderson v. Krancic, 328 Ill App 364, at 371, 66 NE2d 316; Klettke v. Checker Taxi Co., 26 Ill App

2d 341, at 346, 168 NE2d 453; Stack v. East St. Louis & S. R. Co., 245 Ill 308, at 310, 92 NE 241; and Zank v. Chicago, R. I. & P. R. Co., 17 Ill2d 473, at 481, 161 NE2d 848. We do not think that the court could find as a matter of law that plaintiff was guilty of contributory negligence. The attorney for plaintiff stated to the court "all his bills and receipts are here. His losses amount to over $28,000."

The judgment is reversed and the cause is remanded with directions for further proceedings not inconsistent with these views.

Judgment reversed and cause remanded with directions.

FRIEND and BRYANT, JJ., concur.